Brian T. Edwards Informal Opinion Town Attorney No. 2007-4 Town of Lumberland 13 Liberty Street P.O. Drawer 1040 Monticello, New York 12701
Dear Mr. Edwards:
You have requested an opinion regarding whether the current terms of certain town officers with four-year terms — the town supervisor, the town clerk, and the town superintendent of highways — will terminate if the Town opts to change its classification from second class to first class. You have explained that the Town will shortly be holding an election to determine the question of whether the Town, currently a town of the second class, will change its classification to a town of the first class pursuant to Town Law § 12, and you want to know the impact of such a change of classification on the terms of these officers before such election. As explained below, we conclude that the terms of the town supervisor and the town clerk will terminate, but the term of the town highway superintendent will not.
Background
Article 2 of the Town Law provides for the classification of towns. Towns are divided into towns of the first class or of the second class, generally based upon population. Town Law § 10. If, after a decennial federal census, a second class town has a population of 10,000 or more, its classification must change to first class.[1] Id. § 11(1). Other towns of the second class *Page 2 
meeting one of several thresholds may choose at any time to change their classification to first class.[2] Id. § 12(1).
The procedure for changing classification, including establishing the effective date of such a change and requiring the election of certain officers before the classification change takes effect, is provided by section 11 (mandatory change of classification) and section 12 (optional change of classification) of the Town Law. Of particular relevance here, Town Law § 12(4)(a) provides that any town that chooses to become a town of the first class
 shall elect, at the biennial town election immediately preceding the effective date of the change of classification, the following town officers: a supervisor for a term of two years, and, except as otherwise provided herein, a town clerk and a town superintendent of highways for terms of two years each. . . .
The effective date of the classification change is January 1 following the first biennial town election held at least a specified number of days after the decision to change classification is made.[3]
You have advised that the Town has provided that the terms of its supervisor, clerk, and highway superintendent are four, *Page 3 
rather than two, years.[4] The terms of the officers currently serving in these positions are not due to expire for several years — after the change of classification, if approved, takes effect. You are aware that we have previously opined that a town clerk must be elected at the biennial town election immediately preceding the January 1 when the town's classification changes, even though two years of the current town clerk's term remain. 1967 Op. Att'y Gen. (Inf.) 85. Because of the time that has passed since we rendered that opinion and because Town Law § 12 has since been amended, we find it appropriate to consider the question now.
Analysis
As described above, Town Law § 12(4)(a) provides that certain officers must be elected at the biennial election immediately preceding the effective date of the classification change. A supervisor must be elected for a term of two years, and, except as otherwise provided in section 12, a town clerk and a town superintendent of highways must be elected for a term of two years each.[5] The term of the officers elected at the biennial election begins January 1, Town Law § 12(4)(c), the same date the change of classification takes effect.
Section 12 provides certain exceptions to the election requirement. An election is not required to fill the offices of town clerk or town superintendent of highways if these offices will be appointive offices on the effective date of the change of classification. Id. § 12(4)(e). In addition, an election is not required to fill the office of town superintendent of highways for a two-year term when a town has increased the term of the superintendent of highways to four years pursuant to Town Law § 24-a.[6] Id. § 12(4)(g). Moreover, "nothing contained in [section 12] shall be construed to abridge the term of office of a town superintendent of highways elected for a term of four years prior *Page 4 
to change of classification." Id. The statute includes no comparable exception for the offices of town supervisor or town clerk.
We therefore conclude that, if the decision to change classification is approved, an election must be held pursuant to § 12(4)(a) to fill the office of town supervisor at the biennial election immediately preceding the effective date of the change of classification. Accordingly, the term of the current town supervisor will terminate the day before the classification change's effective date.
The same analysis applies to the office of town clerk, unless that office is made appointive by the effective date of the change of classification. Thus, unless the office is made appointive, an election must be held to fill the position of town clerk at the biennial election immediately preceding the effective date of the change of classification, and the term of the current town clerk will also terminate the day before the classification change's effective date.
Pursuant to the exception in section 12(4)(g), a change in classification will not affect the term of the current highway superintendent.
You have asked whether language in section 11 provides an applicable exception to the requirement that an election will need to be held to fill the offices of town supervisor and elective town clerk if the change in classification is approved. Specifically, section 11(2)(e) provides that
 [t]his section shall not be construed to require the election of a town officer for a two year term in any town in which such term has been increased to four years pursuant to the provisions of this chapter; and nothing contained in this section shall be construed to abridge the term of office of any such town officer elected for a term of four years prior to change of classification.
We believe that this language in section 11 applies only to mandatory changes in the classification of towns, and not to optional changes such as the one you propose, which are governed by section 12. Section 11(2)(e) provides that nothing in "this section," i.e., section 11, shall abridge the term of office of a town officer elected for a term of four years; it does not *Page 5 
protect town officers from abridgment of their terms by any other provision of law.
Indeed, if section 11(2)(e) applied to optional reclassifications, section 12(4)(g) would be entirely redundant. Section 12(4)(g) protects the term of a town superintendent of highways from abridgment in an optional town reclassification, using exactly the same language used in section 11(2)(e) to protect the term of any town officer from abridgment in a mandatory town reclassification.
While it is possible that the difference between the narrow exception for town highway superintendents in section 12(4)(g) and the broader exception for other town officers in section 11(2)(e) may have been inadvertent rather than deliberate,[7] the language of the two provisions, including the difference between them, is unambiguous.
In summary, we conclude that, under the facts you have presented, the terms of the town supervisor and the town clerk will end the day before the effective date of the classification change, if approved. The term of the town highway superintendent will not be abridged by a change in classification.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] Certain towns are statutorily exempted from such mandatory change of classification. Town Law § 11(1).
[2] A town that has a population of 5000 or more, or in which the assessed valuation of the taxable real property exceeds $10,000,000, or that adjoins a city that has a population of 300,000 or more may become a town of the first class. Town Law § 12(1).
[3] A town can opt to change classification either by (1) the adoption by the town board of a resolution therefor, subject to permissive referendum, or (2) the adoption of a proposition therefor, by the affirmative vote of a majority of the qualified electors of the town voting thereon. Town Law § 12(1). The effective date of the classification change is January 1 next succeeding the first biennial town election held at least 150 days after the adoption of a resolution, if the change occurs by resolution, or January 1 next succeeding the first biennial town election held at least 90 days after the date of adoption of a proposition, if the change occurs by proposition.Id. § 12(3).
[4] Town Law § 24-a authorizes a town to change the term of any of its elective officers to four years.
[5] A receiver of taxes, except as otherwise provided in section 12, must also be elected, Town Law § 12(4)(a), but, as you have not asked about this position, we do not include it in our analysis.
[6] Town Law § 12(4)(g) refers to Town Law § 24 as authority to change the term of a town highway superintendent; this authority is now found in Town Law § 24-a.
[7] In 1957, when section 12(4)(g) was enacted, the authority to give town officers four-year terms was limited to town highway superintendents in towns in Erie County. Letter from Edward F. N. Uthe, executive secretary, New York State Association of Towns, to Averell Harriman, Governor (March 18, 1957), reprinted in Bill Jacket for ch. 185 (1957), at 10. When the broader exception of section 11(2)(e) was enacted in 1960, Act of April 21, 1960, ch. 738, § 1, 1960 N.Y. Laws 1223, 1224, some towns were authorized to offer four-year terms to other town officers. Town Law §§ 24, 24-a (McKinney Supp. 1964).
 *Page 1